MICHAEL BAILEY
United States Attorney
District of Arizona
ASHLEY CULVER
Assistant U.S. Attorney
Arizona State Bar No. 028016
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Ashley.culver@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 19-02511-TUC-FRZ (LCK) |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Jose Salvador Alcaraz-Curiel, | |
| Defendant. | |

The United States of America, through its attorneys, respectfully submits its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for March 16, 2020, before District Court Judge Frank R. Zapata.

The presentence report (PSR) correctly calculates the defendant's offense level at 15, accounting for a ten-level enhancement for his prior conviction for possession of a controlled substance in 2014, and a three-level adjustment for acceptance of responsibility. (PSR, ¶¶ 9-18.) The defendant falls into criminal history category VI, and his applicable guideline range is therefore 41 to 51 months. (PSR at 15.) The government moves for a two-level departure pursuant to U.S.S.G. § 5K3.1 ("fast-track"), as contemplated by the plea agreement. The resulting guideline imprisonment range is 33 to 41 months, and the

PSR recommends a sentence of 33 months' imprisonment followed by 3 years of supervised release. For the reasons stated herein, the government agrees with the recommendation.

When imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The defendant is only 26 years old and has a hefty criminal history. As a juvenile, the defendant was convicted of malicious injury to property, using marijuana, battery, and burglary. (PSR, ¶¶ 19-22.) In each case, he was sentenced to a term of probation and a term of incarceration. *Id.* The defendant ending up serving a total of 125 days in jail between 2008 and 2010. *Id.* On September 16, 2012, at the age of 19, the defendant endangered the public by driving while he was high on marijuana. (PSR, ¶ 23.) He was convicted of possession of a controlled substance and driving under the influence, and was sentenced to another term of probation and incarceration. *Id.* Immediately upon his release from jail, the defendant violated probation. *Id.* He was subsequently sentenced to a short jail term and more probation, which the defendant violated by using marijuana and methamphetamine. *Id.* The defendant then served 267 days in jail. *Id.* During the pendency of that case, the defendant failed to appear in court several times and committed three new offenses. (PSR, ¶¶ 23-26.)

In January of 2013, the defendant was arrested for possession of a controlled substance. (PSR, ¶ 24.) He was sentenced to 60 days in jail and 24 months of probation. *Id.* In February of 2013, the defendant was arrested again for possession of a controlled substance. (PSR, ¶ 25.) He was sentenced to 30 days in jail and 24 months of probation. *Id.* The defendant violated probation and served an additional 75 days in jail. *Id.*

By August of 2013, the defendant's criminal behavior escalated and he was arrested for felony possession of a controlled substance. (PSR, ¶ 26.) He received another sentence of probation and served a jail term of 299 days. *Id.* After that, the defendant committed two misdemeanor traffic offenses in 2016, as well as another felony possession of controlled substance offense in 2017. (PSR, ¶¶ 27-29.) In the latter case, the defendant was caught with methamphetamine and sentenced to probation, which is set to expire in 2023. *Id.* While the defendant was detained pre-conviction, he beat up another inmate at the jail and was convicted of disturbing the peace. (PSR, ¶ 30.) The defendant was deported on October 30, 2018. (PSR, ¶ 29.)

Despite all of his prior convictions, his prior incarcerations, and his current term of probation, the defendant illegally returned to the United States on September 3, 2019. (PSR, ¶ 4.) The defendant clearly remains undeterred and is at a high risk of reoffending. The defendant's entire family, including his son, live in the United States. (PSR, ¶ 7.) The defendant moved to the United States when he was only two years old and "living in the United States is all he knows." (PSR, ¶¶ 7, 43.) The defendant also began using drugs when he was 12 years old, and used marijuana and methamphetamine weekly up to the date of his arrest. (PSR, ¶¶ 49-50.)

When you take all of the defendant's history and characteristics into consideration, a sentence within the plea guideline range is appropriate. Therefore, the government requests a sentence of 33 months' imprisonment followed by 3 years of supervised release.

Respectfully submitted this 11th day of March, 2020.

          MICHAEL BAILEY
          United States Attorney
          District of Arizona

          *s/Ashley Culver*

          ASHLEY CULVER
          Assistant U.S. Attorney

///

Copy of the foregoing served electronically or by other means this 11th day of March, 2020, to:

All ECF Participants

- 4 -